IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOE HAND PROMOTIONS, INC.                                              PLAINTIFF

v.                                    Case No. 6:15-cv-6067

NILESH DALAL, individually and d/b/a
MIRAGE SPORTS BAR AND GRILL                                      DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Before the Court is Plaintiff's Motion for Summary Judgment.  (ECF No. 14).  Defendant filed a Response.  (ECF No. 17).  Plaintiff filed a Reply.  (ECF No. 18).  The Court finds this matter ripe for its consideration.

BACKGROUND

In January 2015, Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") filed its Complaint against Nilesh Dalal, individually and doing business as Mirage Sports Bar and Grill ("Dalal").  In its Complaint, Joe Hand alleges that it was granted the exclusive rights to *Ultimate Fighting Championship 175: Chris Weidman v. Lyoto Machida* ("the Program").  Joe Hand then entered into sublicensing agreements with various commercial entities, granting these entities limited rights to publically exhibit the Program within their establishments.  Joe Hand alleges that Dalal unlawfully intercepted and broadcast the Program at Mirage Sports Bar and Grill ("Mirage") for the purposes of commercial advantage and/or financial gain on July 5, 2014.  Joe Hand alleges that Dalal violated 47 U.S.C. § 605 and 47 U.S.C. § 553 and that he wrongfully converted the Program for his own use and benefit.  Joe Hand asserts that the undisputed facts demonstrate that it is entitled to summary judgment on these claims.

STANDARD

A motion for summary judgment will be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). To establish that a genuine issue of material fact exists, the nonmoving party must show that (1) there is a factual dispute, (2) the disputed fact is material to the outcome of the case, and (3) the dispute is genuine. *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 339, 401 (8th Cir. 1995). A dispute is genuine only if a reasonable jury could return a verdict for either party. *Id.*; *Anderson*, 477 U.S. at 248; *see also McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 510 (8th Cir. 1995).

DISCUSSION

A. Liability

Joe Hand asserts that there is no genuine issue of material fact regarding whether Dalal unlawfully intercepted, received, or published the Program in violation of 47 U.S.C. § 605 and 47 U.S.C. § 553, that Joe Hand is a person aggrieved under the statute, and that Joe Hand is entitled to statutory damages.

2

To support its Motion for Summary Judgment, Joe Hand produced the affidavit of Fred Goldthorpe, a private investigator.  (ECF No. 14-1).  In his affidavit, Goldthorpe attests that he entered Mirage on July 5, 2014 at 9:30 p.m. At the receptionist area of Mirage, there was a sign that indicated a cover charge of $3.00.  The receptionist asked Goldthorpe if he wanted to pay the cover charge at the time he arrived or if he would rather add it to his bill.  He indicated that he would add it to his bill.  While there, he observed the Program on multiple televisions.  He described portions of the Program in detail in his affidavit.  When he got his bill, he was not charged the cover charge.

Plaintiff also produced the affidavit of the President of Joe Hand, Mr. Joe Hand Jr. ("Mr. Hand") (ECF No. 14-3).  Mr. Hand asserts that Joe Hand purchased the exclusive commercial exhibition licensing rights to the Program.  Joe Hand marketed sublicensing rights, but did not sublicense the Program to Dalal or Mirage.

The Court will first address Joe Hand's procedural arguments.  Joe Hand argues that its Statement of Material Fact (ECF No. 16) should be deemed admitted by the Court because Dalal failed to produce a "separate, short and concise statement" of material fact to which it contends a genuine dispute exists.  Local Rule 56.1(b).  After review, the Court finds that Dalal filed no such statement with the Court.  Accordingly, the Local Rules direct that the Court should deem all facts set forth in Joe Hand's statement admitted.[1]  *See* Local Rule 56.1(c); Fed. R. Civ. P. 56(e).

Dalal asserts that Joe Hand's Motion for Summary Judgment should not be granted because Joe Hand has no pictures of the Program being shown at Mirage, there is no electronic evidence that

---

[1]Even if the Court were to construe Dalal's Response as a statement of facts in dispute, it appears that the only contested fact is the existence of a cover charge.  The Court fails to see how this factual dispute is material such that it would preclude the entry of summary judgment as to Dalal's liability.  All other statements in Dalal's Response are merely conclusory arguments without factual or legal support.

the program was shown, and Goldthorpe does not assert that he saw the specific match between Weidman and Machida.[2]  Dalal's burden after Joe Hand has properly supported its Motion for Summary Judgment is to demonstrate that facts are in dispute such that a trial is necessary. *Anderson*, 477 U.S. at 256.  Dalal has not produced any evidence disputing Joe Hand's supported facts.  It is undisputed that Goldthorpe attended Mirage on the night in question and observed televisions with certain fights and commentary which he described in detail.  (ECF No. 14-1).  It is also undisputed that the program described by Goldthrope was part of the Program to which Joe Hand had exclusive rights, and that Joe Hand's exclusive rights to the Program included "all undercard bouts and commentary."  (ECF No. 14-1; 14-3).  Dalal has presented no facts supporting his argument that the Program was not shown at the Mirage on July 5, 2014.  *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009) (noting that it is not district court's responsibility to sift through record to see if, perhaps, there was issue of fact).

Dalal also asserts that the proper defendant in this lawsuit is the owner of the Mirage rather than against Dalal who is a shareholder.  Dalal fails to elaborate on his argument or support it with any legal authority.  In fact, in his response to Joe Hand's interrogatories, Dalal asserted that he was a 15% owner in Mirage.  (ECF No. 14-2).  However, Dalal points to Mirage of Arkadelphia, Inc.'s certificate of good standing to demonstrate that he was a shareholder who should not be subject to suit.  (ECF No. 17-3).  Dalal fails to demonstrate to the Court how the certificate of good standing demonstrates that he is not a proper defendant.  *See J& J Sports Productions, Inc. v. Diaz De Leon*, 2012 WL 79877 at *2 (W.D. Ark. Jan. 11, 2012) (noting that an individual may be held personally

---

[2]Dalal also asserts that he has the right to cross-examine Goldthorpe.  Dalal had the opportunity during discovery to request a deposition of Goldthorpe.  The Court is unaware if a deposition was scheduled or occurred.  Dalal fails to expand upon his failure to examine Goldthorpe.

liable based upon supervisory capacity and control over activities occurring at the place of business, as well as receiving a financial benefit from those activities).

Accordingly, the Court finds that the Defendant has failed to demonstrate that there is a material factual dispute.  Summary Judgment in favor of Plaintiff Joe Hand is appropriate.

### B.  Damages

Joe Hand asserts that it is entitled to statutory damages and enhanced damages as permitted under 47 U.S.C. § 605.  A claimant entitled to relief under § 605 may elect actual or statutory damages pursuant to § 605(e)(3)(C)(i).  Joe Hand has elected statutory damages, which range from $1,000 to $10,000 "as the court considers just" pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II). Enhanced damages of up to $100,000 are also permitted in the court's discretion for "any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).  For its separate conversion claim, Joe Hand asserts that it is entitled to damages in the amount of $1,250.00.

The undisputed evidence in this case demonstrates that Dalal violated 47 U.S.C. § 605.  It is undisputed that the cost to Mirage for the sublicensing agreement would have been $1,250.00. Accordingly, the Court finds that is the proper amount of statutory damages.  *See J & J Sports Prods., Inc. v. Brewster "2" Café, LLC*, 2014 WL 4956501, at *5 (E.D. Ark. Oct. 2, 2014).

The facts also demonstrate that the violation was committed willfully and for the purposes of financial gain.  The violation was willful because "intentional acts are required to pirate a closed-circuit broadcast; the unscrambled airwaves or cable transmission do not just happen."  *J & J Sports Prods., Inc. v. Diaz De Leon*, 2012 WL 79877, at *3 (W.D. Ark. Jan. 11, 2012) (quoting *Joe Hand Promotions, Inc. v. Cat's Bar, Inc.*, 2009 WL 700125, at *3 (C.D. Ill. 2009)).  This

5

interception was also done for the purposes of commercial advantage. Mirage advertised that the Program would be shown on both its website and Facebook page, and it is undisputed that there were approximately 40-60 patrons at Mirage. *See J & J Sports Prods., Inc. v. Acevedo*, 2010 WL 1980849, at *3 (E.D. Ark. May 13, 2010) (citing *Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769, 776 (S.D. Tex. 2002)).

Because the Court has found that the violations were willful, Plaintiff is entitled to enhanced damages. The purpose of these enhanced damages is to punish violations and simultaneously deter future piracy. *Brewster "2" Café, LLC*, 2014 WL 4956501 at *5. Dalal would have no incentive to cease the violation if the penalty were merely the amount that he should have paid for a sublicensing agreement. *See Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F.Supp.2d 769, 776 (S.D. Tex. 2002). In awarding enhanced damages, Courts generally award anywhere from three to six times the statutory damages award. *Joe Hand Productions, Inc. v. Feil*, 2013 WL 2936389 (D. Minn. June 14, 2013).

The Court finds that the appropriate amount of enhanced damages is three times the award of statutory damages, or $3,750. These damages are appropriate given that Mirage was not filled to capacity, and Plaintiff has not shown that Dalal has a history of showing pirated events. *See Brewster "2" Café*, LLC, 2014 WL 4956501 at *6. These damages are sufficient to punish the establishment and deter any future conduct, while not jeopardizing Defendant's business.

Plaintiff cannot recover damages for conversion. This Court agrees with those courts that hold recovery under 47 U.S.C. § 605 and a state law conversion claim would result in an impermissible double recovery for the same loss. *See, e.g.*, *J & J Sports Prods., Inc. v. Main Hookah Lounge, LLC*, 2015 WL 6457300, at *6 (W.D. Mo. Oct. 26, 2015).

Plaintiff also requests reasonable attorney's fees under 47 U.S.C. § 605(e)(3)(B), but has not offered any evidence of their fees.  Plaintiff must submit to the Court the proper documentation showing reasonable attorney's fees incurred in this action within thirty (30) days of the entry of this Order.

CONCLUSION

For the reasons stated herein, Plaintiff Joe Hand Production, Inc.'s Motion for Summary Judgment (ECF No. 14) should be and hereby is **GRANTED**.  Plaintiff is awarded damages in the amount of $5,000.[3]  A separate Judgment will be entered.

**IT IS SO ORDERED**, this 11th day of July, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3]Plaintiff is awarded statutory damages in the amount of $1,250 and enhanced damages in the amount of $3,750.