IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOE HAND PROMOTIONS, INC.                                                    PLAINTIFF

v.                                          Case No. 6:15-cv-6067

NILESH DALAL, individually and d/b/a
MIRAGE SPORTS BAR AND GRILL                                         DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion for Attorney Fees and Costs.  (ECF No. 21).
Defendant has responded to the Motion.  (ECF No. 24).  The Court finds this matter ripe for its
consideration.

In January 2015, Plaintiff Joe Hand Promotions, Inc. ("Joe Hand") filed its Complaint against
Nilesh Dalal, individually and doing business as Mirage Sports Bar and Grill ("Dalal").  In its
Complaint, Joe Hand alleges that it was granted the exclusive rights to *Ultimate Fighting
Championship 175: Chris Weidman v. Lyoto Machida* ("the Program").  Joe Hand then entered into
sublicensing agreements with various commercial entities, granting these entities limited rights to
publically exhibit the Program within their establishments.  Joe Hand alleged that Dalal violated 47
U.S.C. § 605 and 47 U.S.C. § 553 and that he wrongfully converted the Program for his own use and
benefit.  The Court granted Summary Judgment in favor of Plaintiff on all of Plaintiff's claims, and
awarded damages to Plaintiff in the amount of $5,000.  Plaintiff now requests attorneys fees.

Under 47 U.S.C. § 605, the Court "shall direct the recovery of full costs, including awarding
reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).  As
Plaintiff has succeeded in their claim under the statute, the statutory language requires the Court to
award them full costs, including reasonable attorney's fees.

The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Fish v. St. Cloud State University*, 295 F.3d 849, 851 (8th Cir. 2002). The term "reasonable hourly rate" is usually defined as the ordinary rate for similar work in the community where the case has been litigated. *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). The burden of proving attorney's fees rests with the fee applicant. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.* at 433. When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005).

As required by Local Rule 54.1, Plaintiff has attached to its motion an affidavit setting out the time spent in the litigation and the factual matters pertinent to the motion for attorney's fees and costs. (ECF No. 21-1). In this affidavit, Plaintiff's attorney sets out that he has been practicing law for twenty-two and a half years and, during that time, his firm has specialized in the civil prosecution of commercial signal piracy claims on behalf of promoters and closed-circuit distributors of major televised sporting events. He further states that his lead attorney's billable hourly rate is $500 per hour, his administrative assistant's time is billed at $100 per hour, and his research attorney's services are billed at $300 per hour. Plaintiff's attorney states that his rates are comparable to rates for specialized litigation law firms.[1] The time sheets indicate that the administrative assistant billed 14.80 hours, the research attorney billed 10.00 hours, and the lead attorney billed 3.5 hours. He also submits evidence of associated costs, including the investigative expenses of $553.00, Complaint

---

[1] Though Plaintiff details the hourly rates of the paralegal, the evidence does not demonstrate that the paralegal billed any time.

filing fee of $400.00, pro hac vice fee of $100.00, and $75.00 of fees related to service of process.

Upon consideration of the local rates for attorneys and their staff in Texarkana, Arkansas, the Court finds that Plaintiff's request for attorney's fees and costs is not reasonable. A reasonable rate for an attorney in Texarkana, Arkansas is $350 per hour.  A reasonable rate for a paralegal's time is $175 per hour and a reasonable rate for a research attorney is $250 per hour.  The Court finds that the administrative assistant's time was billed at a reasonable rate.  From a review of Plaintiff's attorney's records, the Court finds that a reasonable number of hours were expended on this case.

Accordingly, the Court awards a total of $5,205.00 in attorney's fees.  These attorney's fees represent 3.5 hours at a rate of $350.00 for the lead attorney, 10 hours at a rate of $250.00 for the research attorney, and 14.80 hours at a rate of $100.00 for the administrative assistant.   For costs, the Court finds that Plaintiff is not entitled to recover the fee for being admitted to this Court pro hac vice.  Accordingly, the Court will award $1,028 in costs.  This total costs number represents $553.00 in investigative expenses, the $400.00 filing fee, and the $75.00 process fee.   In total, the Court finds that Plaintiff is entitled to recover $6,233.00 in attorneys fees and costs.

For the reasons stated above, Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 38) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff is hereby awarded $6,233.00 in attorney's fees and costs.

**IT IS SO ORDERED**, this 29th day of August, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge